## PECKHAM vs. BARCALOW.

### SAME vs. SAME.

Where a defendant obtained judgment of discontinuance against a plaintiff for costs of suit, and the plaintiff brought a second suit pending which the defendant assigned his judgment to his attorney in the first suit, giving the plaintiff notice, *held*, that the plaintiff, on recovering judgment in the second suit after the assignment, was not entitled to set it off against the judgment which had been obtained by the defendant.

IN the first suit the defendant obtained a judgment of discontinuance against the plaintiff, in the month of June, for the costs of the suit, $18.42. The plaintiff then brought the second suit, and pending that action, on the 9th of October, the defendant assigned the judgment in the first suit to his attorney in that action in payment of the attorney's bill of costs in that action, and gave notice of the assignment to the plaintiff. The attorney swore that the costs belonged to him before the assignment; that he took the assignment in good faith to get the entire control of the judgment, and without any good reason to believe the plaintiff would recover in the second suit. In November following, the plaintiff recovered judgment in the second suit for $140, damages and costs.

*R. W. Peckham* for the plaintiff, moved to set off so much of the judgment in the second suit against the judgment in the first suit as would satisfy and discharge the same. He cited *Cooper* v. *Bigalow*, 1 Cow., 206.

*M. T. Reynolds*, contra.

*By the Court,* BRONSON, J. In the case on which the plaintiff relies both judgments had been recovered, and the equitable right to set off one against the other had attached, before the attorney took the assignment. Here there was only one judgment, and consequently no right to set off at the time of the assignment. (*Graves* v. *Woodbury,* 4 Hill, 559.) The assignment was made in payment of the costs due from the defendant to his attorney. I see no reason why that was not as good a consideration as though the attorney had paid so much money. The attorney's lien for his costs is not always protected against the equities existing between the parties. But he stands here as the assignee of the judgment, and is entitled to the same protection as any other assignee. Motion denied.